UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

FREDERICK D. STEWART,

                    Plaintiff,

v.                                                           Case No.  5:08-cv-90-Oc-10GRJ

MICHAEL J. ASTRUE, Commissioner of Social
Security,

                    Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Defendant's Motion to Dismiss. (Doc. 11.) Plaintiff

has filed a Response (Doc. 13) and, accordingly, this matter is ripe for review. For the

reasons discussed below, it is recommended that Defendant's Motion to Dismiss (Doc.

11) be **GRANTED**.

## I.  INTRODUCTION

On October 17, 2007, in reaching his decision concerning Plaintiff's most recent

application for benefits,[2] the Administrative Law Judge ("ALJ") applied res judicata[3] and

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

[2] Between 1993 and 1998, Plaintiff filed five applications for disability insurance benefits each alleging Plaintiff became disabled as a result of injuries incurred during a job-related accident on October 16, 1991. (R. at 11, 15.) On December 22, 2005, Plaintiff protectively filed another application for a period of disability and disability insurance benefits. Id.

[3] Res judicata applies where the Commissioner has "made a previous determination or decision . . . about [the individual's] rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial decision." 20 C.F.R. § 404.957(c)(1). Plaintiff's December 22, 2005 application alleges a disability onset date that is two days after the onset date alleged in his August 26, 1997 application. (R. at 11, 18-19.)

refused to reopen a previous determination[4] that Plaintiff was "not disabled" during the time period for which Plaintiff was last eligible to receive benefits under Title II of the Social Security Act.[5] The Appeals Council declined Plaintiff's request for review of the ALJ's decision on December 27, 2007.[6] On February 26, 2008, Plaintiff filed a complaint requesting judicial review of the unfavorable decision. (Doc. 1.) Defendant, the Commissioner of the Social Security Administration ("Commissioner"), subsequently filed the instant Motion to Dismiss alleging the Court lacks subject matter jurisdiction to review the Commissioner's decision.

## II. DISCUSSION

The extent of the Court's subject matter jurisdiction in this case is governed by 42 U.S.C. § 405(g) which provides a limited grant of authority to federal district courts to review decisions of the Commissioner. Specifically, a disappointed Social Security disability benefits claimant may only obtain judicial review of the Commissioner's decision once the decision has become "final."[7] Congress did not define the contours of what constitutes a "final decision" under the Social Security Act. Instead, Congress

---

[4] The application filed on August 26, 1997 resulted in a denial of benefits based on a medical determination that Plaintiff did not meet the Social Security Act's definition of "disabled." (R. at 18, 24.) Plaintiff's status as "not disabled" became a final and binding determination of the Commissioner on June 17, 1999, when an ALJ dismissed Plaintiff's request for a hearing and Plaintiff subsequently failed to pursue the available administrative remedies. (R. at 15.)

[5] Plaintiff must have been "disabled" prior to the expiration of his insured status. *See* 42 U.S.C. § 423(a), (c); 20 C.F.R. § 404.131. The Plaintiff last met the Social Security Act's insured status requirements in March 1996. (R. at 254.)

[6] R. at 6.

[7] Califano v. Sanders, 430 U.S. 99, 108 (1977).

2

expressly left it to the discretion of the Social Security Administration to flesh out its meaning through the promulgation of regulations.[8]

The regulations relevant here provide that, in the absence of a showing of good cause, where an individual's prior application for benefits has been denied and the individual fails to exhaust available administrative remedies as to that denial, the unfavorable decision becomes final and binding.[9] The regulations further provide, however, that "a determination or a decision . . . which is otherwise final and binding may be reopened and revised by [the Commissioner]" subject to certain time limitations.[10] However, "[O]nce a decision becomes administratively final, the . . . decision to reopen a claim is discretionary. . . [and therefore] not a 'final' decision subject to judicial review."[11] Thus, to the extent that Plaintiff is challenging the Commissioner's decision not to reopen his application the Court does not have subject matter jurisdiction to do so.

---

[8] Weinberger v. Salfi, 422 U.S. 749, 766 (1975).

[9] 20 C.F.R. §§ 404.987-.989, 416.1487-.1489; accord Sims v. Apfel, 530 U.S. 103 (2000); Lewis v. Sec'y, Dep't of Health, Educ. & Welfare, 503 F. Supp. 1177 (S.D.N.Y. 1980); Parker v. Richardson, 348 F. Supp. 201 (W.D. La. 1972);  Lane v. Richardson, 327 F. Supp. 411 (W.D. Va.1971); Moore v. Celebrezze, 252 F. Supp. 593 (E.D. Pa. 1966).

[10] See 20 C.F.R. §§ 404.987-.988. With limited exceptions, even where good cause can be shown, the regulations only permit a prior decision or determination to be reopened "within four years of the date of the notice of the initial determination." 20 C.F.R. § 404.988(b). There are certain exceptions to this time limitation, but such exceptions do not apply here.  Id. § 404.988(c).

[11] Taylor v. Heckler, 765 F.2d 872, 877 (9th Cir.1985); see also Cherry v. Heckler, 760 F.2d 1186, 1189 (11th Cir. 1985) (refusing to review ALJ's decision not to reopen a previous application in the absence of a constitutional question); Krumpelman v. Heckler, 767 F.2d 586, 588 (9th Cir. 1985) ("District courts . . . have no jurisdiction to review a refusal to re-open a claim for disability benefits or a determination that such a claim is res judicata.").

In this case Plaintiff is only eligible to receive benefits under Title II if he was "disabled" prior to March 1996.[12] The determination that Plaintiff was "not disabled" prior to March 1996 became "final and binding" when Plaintiff failed to appeal the June 1999 dismissal of his request for a hearing.[13] Therefore, the decision whether to reopen the June 1999 dismissal is not a final decision subject to review by the Court under section 405(g).

That is also the case where, as here, the challenge is to the application of res judicata by the ALJ because an ALJ's decision to apply res judicata to issues that were already addressed in the resolution of a previous application for Social Security benefits is discretionary and not subject to judicial review.[14]

Accordingly, the Court lacks subject matter jurisdiction to review the Commissioner's decision that good cause did not exist to reopen the June1999 dismissal due to the application of the doctrine of administrative finality.[15]

Apparently recognizing that the Court does not have subject matter jurisdiction to review the ALJ's decision not to reopen the June 1999 dismissal, Plaintiff instead correctly argues that an administrative finding of res judicata is reviewable if the plaintiff

---

[12] *See supra* note 5 and accompanying text.

[13] *See supra* note 4 and accompanying text.

[14] 20 C.F.R. § 404.957(c)(1); *see also* <u>Cherry</u>, 760 F.2d at 1189 (finding ALJ's application of res judicata was not subject to judicial review).

[15] *See, e.g.*, <u>Smith v. Chater</u>, 914 F. Supp. 415 (D. Colo. 1996) (reaching same conclusion when confronted with same issue and similar facts); *see also* <u>Marshall v. Gardner</u>, 298 F. Supp. 542, 544-45 (S.D. W. Va.1968) (finding that where an application for disability benefits was filed more than four years after date of notice of initial determination on prior applications, the doctrine of administrative finality barred the plaintiff from attempting to reopen the prior decision, and, under the theory of res judicata, the decision of the hearing examiner finding plaintiff "not disabled" within the meaning of the Act was binding).

raises a colorable constitutional claim.  That is so because administrative proceedings are unsuitable for the resolution of constitutional issues and thus "when constitutional questions are in issue, the availability of judicial review is presumed."[16] As such, while the Court does not have jurisdiction to review the Commissioner's decision itself, the Court does have jurisdiction to entertain Plaintiff's Complaint to the extent that Plaintiff has raised a colorable constitutional claim.[17]

In the Eleventh Circuit, under the test enunciated in *Elchediak v. Heckler*[18] a plaintiff raises a colorable constitutional claim where: "(1) [plaintiff] suffers from a medically-documented mental illness which serves as the basis for [plaintiff's] disability claim; (2) on [plaintiff's] first application [plaintiff] was without the assistance of . . . suitable representation; *and* (3) [plaintiff] cannot assert a new claim for benefits because [plaintiff] now lacks insured status."[19]

Relying upon *Elchediak* the Plaintiff asserts that he has raised a colorable constitutional claim because his mental illness precluded him from navigating through the various levels of the Social Security Administration and from understanding the administrative remedies available to him at the time of the June 1999 dismissal.[20] While there is no dispute that Plaintiff satisfies the third prong of the *Elchediak* test, the Plaintiff has failed to satisfy the first two prongs of *Elchediak*.

---

[16] Califano v. Sanders, 430 U.S. 99, 109 (1977).

[17] *See* Califano v. Sanders, 430 U.S. 99, 109 (1977); *accord* Elchediak v. Heckler, 750 F.2d 892 (11th Cir. 1985).

[18] 750 F.2d 892 (11th Cir. 1985).

[19] Id. at 895 (emphasis added).

[20] Id. at 894-95.

With regard to the second prong of *Elchediak* - which requires that Plaintiff must be without the assistance of suitable representation on his first application - Plaintiff testified at the hearing before the ALJ on July 20, 2007 that he was represented by an attorney during the proceedings associated with his August 1997 application for benefits.[21] Plaintiff offers no evidence to rebut this nor does he even allege in his response to the motion to dismiss that he was unrepresented.

Accordingly, because Plaintiff has failed to establish that he was unrepresented (and the record establishes that he was), the Plaintiff has failed to satisfy the second prong of *Elchediak* and, therefore, Plaintiff has failed to meet his burden of establishing a colorable constitutional claim.[22] The Court's analysis could end here because even if Plaintiff had a medically documented mental illness that prevented him from protecting his rights that fact would be irrelevant where the claimant was represented by an attorney or suitable representative (at the time of the first application) who would be fully capable of navigating the various levels of the Social Security Administration and who can explain to the claimant the available administrative remedies.

However, even assuming *arguendo* that Plaintiff could have established that he was unrepresented during the prior proceedings, Plaintiff still cannot demonstate a colorable constitutional claim because under the first prong of *Elchediak* Plaintiff has failed to establish that he suffers from a medically-documented mental illness that

---

[21] R. at 264.

[22] *See, e.g.* Sherrod v. Chater, 74 F.3d 243, 246 (11th Cir. 1996)(noting the "overriding concern in *Elchediak* was that the claimant's mental illness, coupled with his *pro se* status, prevented him from proceeding from one administrative level to another in a timely fashion.").

prevented him from protecting his rights under the Social Security Act at the time Plaintiff's status as "not disabled" became final in 1999.

While the record does contain evidence that the Plaintiff may currently suffer from a schizoeffective disorder, Plaintiff's only medical documentation that he was mentally ill at the time the Commissioner's decision became final in 1999 is the opinion of Dr. Salazar who did not begin treating the Plaintiff until April  2004.[23] The ALJ considered Dr. Salazar's letter that Plaintiff has been disabled since October 1991 but properly afforded the letter little weight because there were no mental health treatment notes before 2001 and the medical evidence submitted by Plaintiff that covered the time period before the Plaintiff's date last insured did not include any evidence of mental incapacity.

 Furthermore, the record suggests that it was the injuries Plaintiff incurred during a job-related accident—and not any aspect of Plaintiff's mental health—that served as the primary basis for Plaintiff's August 1997 application for disability benefits.[24]  Indeed, there is no evidence that the issue of Plaintiff's mental health was even brought to the attention of the Commissioner at the time of his prior application.

The burden is on the Plaintiff to affirmatively demonstrate a sufficient basis for a constitutional claim and the mere allegation that Plaintiff's constitutional rights have been violated is not enough.[25] Accordingly, for these reasons, the Court concludes that

---

[23] R. at 254-55.

[24] R. at 23, 266-68, 272.

[25] Colon v. Sec'y of Health & Human Serv., 587 F. Supp. 502, 503-04 (D.P.R. 1984) (conclusory allegations that constitutional rights were violated insufficient to confer subject matter jurisdiction);

(continued...)

Plaintiff has failed to meet his burden of demonstrating that he suffered from a mental illness which interfered with his ability to protect his rights under the Social Security Act.

In sum, because Plaintiff has failed to establish that he was without suitable representation at the time of the first application and that he suffered from a mental illness which interfered with his ability to protect his rights under the Social Security Act at the time he failed to pursue his administrative remedies, there is no colorable constitutional claim under *Elchediak* to establish jurisdiction for this Court to review the non-final decision of the Commissioner.

## III.  RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that Defendant's Motion to Dismiss (Doc. 11) be **GRANTED** and the Clerk directed to enter judgment accordingly and close the file.

**IN CHAMBERS** in Ocala, Florida, on July 31, 2008.

GARY R. JONES
United States Magistrate Judge

Copies to:
The Honorable Wm. Terrell Hodges
Senior United States District Judge

Counsel of Record

---

[25](...continued)
Lumsden v. Califano, 479 F. Supp. 839 (D. Ariz. 1979) (plaintiff's claim must be something more than a request for an additional opportunity to establish that plaintiff is disabled); *see also* Jones v. Dep't of Health & Human Serv., 941 F.2d 1529, 1533 (11th Cir. 1991) (holding plaintiff's failure to provide supporting evidence of constitutional evidence was fatal to constitutional claim).